UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMANDA DICRESCENZO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JUDGE MARY RUDOLPH BLACK and )<br>SALEM PROBATE & FAMILY COURT, )<br>)<br>Defendants. )<br>) | Civil Action No. 23-cv-11268-DJC |

### ORDER

**CASPER, J.**                                                                                                          **July 12, 2023**

Plaintiff Amanda DiCrescenzo ("DiCrescenzo"), who is proceeding *pro se*, brings this action against Massachusetts Judge Mary Rudolph Black and the Family and Probate Court in Salem, Massachusetts, alleging that Judge Black violated DiCrescenzo's constitutional rights during custody proceedings held in the Massachusetts Probate and Family Court concerning DiCrescenzo's minor children. DiCrescenzo also filed motions for leave to proceed *in forma pauperis*, D. 2, and for appointment of counsel, D. 3. For the reasons stated below, the Court ALLOWS the *in forma pauperis* motion, D. 2, but DISMISSES this action for failure to state a claim upon which relief may be granted and DENIES the motion for appointment of counsel, D. 3, as moot.

**I.     Motion for Leave to Proceed *in Forma Pauperis***

Upon review of DiCrescenzo's motion for leave to proceed *in forma pauperis*, D. 2, the Court concludes that she has adequately demonstrated her inability to prepay the filing fee. Accordingly, the Court ALLOWS this motion.

1

II.     **Review of the Complaint**

Federal law authorizes a federal district court to dismiss an *in forma pauperis* complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). In conducting this review, the Court liberally construes DiCrescenzo's complaint because she is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

As alleged by DiCrescenzo, she has not seen her minor children for over two years because of the wrongful conduct of Judge Black. D. 1-3 ¶ 4. DiCrescenzo asserts that, on May 7, 2020, Judge Black "kidnapped [her] children from [her] for exercising [her] legal and natural rights of letting the children stay with their father even though father and [she] made the decision together to let the children stay with him." D. 1-3 ¶ 2. DiCrescenzo further alleges that, by denying DiCrescenzo's motion for a continuance due to the father's tax fraud, Judge Black prevented DiCrescenzo from being able to have the funds to hire counsel. Id. ¶ 3. DiCrescenzo also claims that Judge Black wrongfully required her to take twenty-four random drug and alcohol tests (all of which were negative except for one positive result for alcohol). Id. ¶ 4. In addition, DiCrescenzo claims that Judge Black's orders have caused her to lose her jobs with two employers. Id. ¶ 4; D. 1-4 ¶¶ 8, 10.

As relief, DiCrescenzo seeks reunification with her children, temporary sole legal custody of her children pending the adjudication of this action, relief from child support obligations pending the adjudication of this action and the release of audio recording of state court hearings. D. 1-4 ¶¶ 1-3. In addition, DiCrescenzo asks for $35,500 for "[l]egal and associated court fees" and "future legal fees to mitigate this matter both in Family and Federal court." Id. ¶¶ 4, 6. DiCrescenzo also seeks approximately $31,000 in child support, compensation for loss of

employment due to the state court proceedings, $10,000 for each day she missed with her children and $20 million for pain and suffering.  Id. ¶¶ 5, 8-12.

**III.   Discussion**

    **A.   Judicial Immunity**

Under the doctrine of judicial immunity, judges are immune "from liability for damages for acts committed within their judicial jurisdiction."  Pierson v. Ray, 386 U.S. 547, 554 (1967); see, e.g., Spiegel v. Massachusetts, No. 16-12654-PBS, 2017 WL 2260067, at *1 (D. Mass. May 22, 2017).  As all of DiCrescenzo's allegations against Judge Black relate to her judicial actions, DiCrescenzo has failed to state a claim for damages against this defendant.

Any claims against Judge Black for injunctive relief fare no better.  A judge enjoys immunity from claims for injunctive relief unless "a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983; see Spiegel, 2017 WL 226007, at *2.  Neither of these circumstances exist in this action.

    **B.   Eleventh Amendment Immunity**

The Eleventh Amendment of the United States Constitution generally is recognized as a bar to suits in federal courts against a State, its departments and its agencies, unless the State has consented to suit or Congress has overridden the State's immunity.  See Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997); Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hudson Sav. Bank v. Austin, 479 F.3d 102, 105-06 (1st Cir. 2007).  As an arm of the state, the Probate and Family Court enjoys Eleventh Amendment immunity because the Commonwealth of Massachusetts has not waived its immunity nor has Congress has overridden it with regards to the claims raised by DiCrescenzo.  See Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (upholding dismissal of claims against

Massachusetts trial court on the ground of Eleventh Amendment immunity).  Thus, DiCrescenzo has failed to state a claim for relief against the Probate and Family Court.

### III. Conclusion

For the foregoing reasons, the Court rules as follows:

1. The motion for leave to proceed *in forma pauperis*, D. 2, is ALLOWED.

2. This action is DISMISSED.

3. The motion for appointment of counsel, D. 3, is DENIED as moot in light of the dismissal of this action.

**So Ordered.**

/s Denise J. Casper
Denise J. Casper
United States District Judge